Dear Commissioner Wooley:
The Department of Insurance questions if debt cancellation contracts that are sold by Louisiana banks or financial institutions are subject to regulation by the Department of Insurance. In short, we believe that such contracts are not subject to regulation by the Department of Insurance because they are not insurance contracts.
As noted in your request, a debt cancellation contract consists of two parties: a financial institution, i.e., the obligor and the customer, the obligee. The bank obligates itself to cancel all or part of the customer's obligation to repay a loan if, as in most instances, the customer dies before the loan is paid in full.
Insurance is a contract of indemnification. That is, one party to the contract agrees to indemnify another party or pay a specified amount upon a determinable contingency.[1] Essentially, a contract of insurance involves three parties: the obligor, the obligee, and the insurer.
A debt cancellation contract, therefore, is not a contract of insurance. It is, rather, a modification of the original contract, the loan. There is no promise of indemnification by a third party.
In further support of our opinion, we note that state chartered banks have the power to lend money and any power that is incidental to lending money.[2] We agree with the department's conclusion that debt cancellation contracts are incidental to the bank's authority to lend money.
Again, it is our opinion that debt cancellation contracts are not contracts of insurance and therefore are not subject to regulation by the Department of Insurance.
We trust that this responds to your request but should you have any further questions, please contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
[1] La.R.S. 22:5
[2] La.R.S. 6:242